RODNEY MESRIANI (SBN 184875)
ZACHARY CANTOR (SBN 270507)
MESRIANI LAW GROUP,
A PROFESSIONAL LAW CORPORATION
510 Arizona Avenue
Santa Monica, CA 90401
Tel:    (310) 826-6300
Fax:    (310) 820-1258

Attorneys for Plaintiff JILLIAN HALLMAN

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 16 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

JILLIAN HALLMAN, an Individual;

        Plaintiff,

    v.

ABERCROMBIE & FITCH, CO., an Ohio
Corporation; STEPHANIE CHARLES, an
Individual; MEGHAN WATUMULL, an
Individual and DOES 1 through 25,
Inclusive,

        Defendants.

CASE NO.   BC 488368

COMPLAINT FOR:

1. **RACE DISCRIMINATION;**
2. **RACE HARASSMENT;**
3. **RETALIATION FOR REPORTING HARASSMENT AND DISCRIMINATION;**
4. **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT;**
5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND**
7. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.**

**DEMAND FOR JURY TRIAL**

Plaintiff JILLIAN HALLMAN, by and through her counsel, claims and alleges as follows:

### PARTIES

1.    Plaintiff JILLIAN HALLMAN is an African American woman who resided in the County of Los Angeles, State of California, at all times relevant.

EXHIBIT 1

COMPLAINT

2.    Plaintiff is informed, believes, and thereupon alleges that Defendant ABERCROMBIE & FITCH, CO. (hereinafter "A&F") which has its principal place of business in the City of New Albany, State of Ohio, is an Ohio Corporation.

3.    Plaintiff is informed, believes, and thereupon alleges that Defendant Stephanie Charles (hereinafter "Charles") was the District Manager of A&F and, based upon information and belief, was a resident of the County of Los Angeles, State of California, at all times relevant.

4.    Plaintiff is informed, believes, and thereupon alleges that Defendant Meghan Watumull (hereinafter "Watumull") was the Regional Manager of A&F and, based upon information and belief, was a resident of the County of Los Angeles, State of California, at all times relevant.

5.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein under fictitious names Does 1 through 25, inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names.  Plaintiff is informed, believes, and thereupon alleges that each of the Defendants Does 1 through 25, inclusive, is and was in some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion, has legal responsibility thereof.  When Plaintiff ascertains the names and capacities of the fictitiously named Defendants Does 1 though 25, inclusive, Plaintiff will seek leave to amend this Complaint to set forth such facts.

6.    Plaintiff is informed, believes, and thereupon alleges that each Defendant is, and at all times relevant herein was, the agent of his, her, or its co-defendants, and in committing the acts alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the knowledge, permission, and consent of his, her, or its co-defendants.

### GENERAL ALLEGATIONS

7.    Plaintiff alleges and incorporates herein by reference each and every allegation set forth in all previous paragraphs of the Complaint.

8.    Plaintiff, a woman of African-American descent, was employed by Defendant A&F, as a visual manager starting in July 2010.

COMPLAINT                                    EXHIBIT 1, PAGE 8

9.     During her employment at A&F, she never had any problems with her co-managers and associates.  Her employment records were clean and pristine, until she was unlawfully subjected to several acts of racial harassment and discrimination by Defendant A&F's managers.

10.     Shortly after being hired at A&F, Plaintiff felt discriminated and harassed by her co-managers. In the early months of 2011, during one of their weekly management meetings, the store manager at the time candidly remarked that "the company (A&F) wants to recruit people that don't have hair like Jillian's." Humiliated, Plaintiff bought hair extensions the next day and wore them in her hair for every shift.  Although disgraced by the incident, she never thought that the worst was yet to come.

11.     Stephanie Charles, the new A&F District Manager, was introduced that same year. Charles exhibited rather odd behavior even in the early days after she was hired.

12.     Often, Charles showed hostility and rude behavior during her visits to the A&F branch where Plaintiff was employed.  Even in the weekly management meetings, Charles spent forty-five minutes telling each member of the management team how terrible the store was. Charles cursed and tried to intimidate them.  Plaintiff always thought that Charles' behavior was simply her management style to push them to improve.  Plaintiff tried to elicit helpful guidance from Charles in numerous occasions; however, she never received anything that assisted their branch towards excellence.

13.     On July 26, 2011, Plaintiff spoke to Charles who suddenly disclosed to her that an associate named Noah had a negative perception of her.  Charles even added that she herself thought negatively of Plaintiff.  In return, Plaintiff called Noah to ask about his feelings towards her.  Noah quickly explained to her that he did not have a negative perception of her.  After that, Noah voluntarily approached Charles and offered his explanation stating that he had no problem with Plaintiff.

14.     In a twist of events, Charles gave Plaintiff a write-up for having a "hostile conversation" with Noah and said that she "put him on blast." Charles waved her hand around and shook her neck while she spoke, depicting the movements of a stereotyped black female in

1    an attempt to characterize how Plaintiff talked. Although mortified, Plaintiff explained to Charles

2    what really happened and was able to convince her that there was no hostility between Noah and

3    her. Charles thereby withdrew the write-up.  Before the store manager left for the day, Plaintiff

4    had him check her employment records for any write-ups. The store manager verified that there

5    was no write-up of any kind.

6        15.    On July 28, 2011, Megan Watumull visited the store and had a walk through with

7    Plaintiff and Charles. Also during that day, the store manager disclosed to Plaintiff that during

8    his exit interview from the company, Charles said that she was planning to terminate Plaintiff's

9    employment and would be harassing her in order to trigger a response worthy of termination.

10   Plaintiff was convinced that she was in a hostile workplace because of Charles. Plaintiff then

11   requested a meeting with Watumull to report a grievance.  Watumull responded that Plaintiff

12   should call her and they would talk.

13       16.    At 6:00pm that evening when Plaintiff returned from break, Plaintiff found

14   several write-ups from Charles. Plaintiff was shocked to see several of them when it was just a

15   few days ago that the store manager said that she held a clean record. Plaintiff then called

16   Charles four times about the write-ups, but she did not receive a response.

17       17.    On July 30, 2011, Plaintiff's work schedule was changed two hours before her

18   shift was supposed to start.  Apparently, Charles handled the managers' work schedule and was

19   responsible for any changes to it.  One of the managers told Plaintiff that Charles was watching

20   her like a hawk so if she was even a minute late, she will be written-up.

21       18.    That evening at about 11:30 pm, Plaintiff was notified again of an abrupt schedule

22   change to her 9:00 am shift for the following day.

23       19.    Understandably, Plaintiff was aggrieved and stressed from the hostility to which

24   she was subjected.  She went on a medical leave on August 1, 2011 because of a stomach ache

25   and constant vomiting. While she was on leave, several managers called to let her know that

26   Charles devised a plan to get rid of her permanently from the company.  Apparently, Charles

27   wanted to hire better looking managers for Defendant A&F.  This was verified by Amanda

28   Iskowitz, another manager, on August 3, 2011. On August 4, 2011, Mallory Day, manager, sent

4

COMPLAINT                          EXHIBIT 1, PAGE 10

1  a Facebook message to Plaintiff that read, "Heads up. Stephanie Charles is trying to get rid of

2  you."

3       20.    Plaintiff continued to experience severe stress that on August 11, 2011, she went

4  to urgent care for having hives.

5       21.    Finally, on August 12, 2011, Charles told Plaintiff to return the keys to the store.

6  Clearly, it was Charles' intention to imply that Plaintiff was terminated.

7       22.    Evidently, the aforementioned facts and circumstances show that Plaintiff was

8  harassed and discriminated because of her race.  The conduct employed by Charles and other

9  managers, which was further condoned by Defendant A&F, is punishable by law.

10                    **FIRST CAUSE OF ACTION**

11                    **RACE DISCRIMINATION**

12       23.    Plaintiff alleges and incorporates here by reference each and every allegation set

13  forth in all previous paragraphs of the Complaint.

14       24.    Plaintiff was at all times hereto an "employee" as defined by California

15  Government Code §§ 12926(c) and 12940(h)(3)(A) and within the meaning of California

16  Government Code §§ 12940(a) and (c) which prohibit race discrimination and racial harassment

17  in employment.  Race discrimination within the meaning of those sections includes harassment

18  and failure to take all reasonable steps necessary to prevent discrimination or harassment on the

19  basis of race.

20       25.    Defendant A&F was at all material times an "employer" as defined by California

21  Government Code §§ 12926(d) and 12940(h)(3)(A) and within the meaning of California

22  Government Code §§ 12940(a) and (c) and, as such, was barred from discriminating or

23  retaliating in employment decisions on the basis of race as set forth in California Government

24  Code § 12940.

25       26.    Defendant A&F discriminated against Plaintiff on the basis of race in violation of

26  California Government Code §§ 12940(a) and (c), Article I of the California Constitution and

27  related statutes, by engaging in the course of conduct more fully set forth in the General

28  Allegations stated above.

27.     The discriminatory practices as alleged in the General Allegations set forth above toward Plaintiff were approved and ratified by Defendant A&F's management due to their failure to take action following their knowledge of the illicit events and Plaintiff's complaints outlining, with specificity, that she was the victim of race discrimination and harassment.

28.     As a result of Defendant A&F's discrimination and retaliation against Plaintiff, Plaintiff suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, all on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

29.     As more fully set forth above, the race discrimination and harassment by Defendant A&F was done intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendant.

## SECOND CAUSE OF ACTION

### RACE HARASSMENT

30.     Plaintiff alleges and incorporates here by reference each and every allegation set forth in all previous paragraphs of the Complaint.

31.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code §§ 12940(a) and (c), which prohibit race discrimination in employment.

32.     Defendant A&F was at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code §§ 12940(a) and (c) and, as such, was barred from discriminating in employment decisions on the basis of race, as set forth in California Government Code § 12940.

33.   Defendants harassed Plaintiff on the basis of race, denying Plaintiff employment in violation of <u>California Government Code</u> §§ 12940(a) and (c), Article I of the <u>California Constitution</u> and related statutes, by engaging in the course of conduct more fully set forth in the General Allegations and all paragraphs stated above.

34.   As a direct and proximate result of Defendants' actions against Plaintiff, Plaintiff suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future wages, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages.  The exact amount and nature of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

35.   As more fully set forth above, the racial harassment by Defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of <u>California Civil Code</u> § 3294.

36.   Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendants.

### THIRD CAUSE OF ACTION

### RETALIATION FOR COMPLAINTS OF UNLAWFUL

### DISCRIMINATION AND HARASSMENT

37.   Plaintiff alleges and incorporates here by reference each and every allegation set forth in all previous paragraphs of the Complaint.

38.   In violation of <u>California Government Code</u> § 12940(h), Defendant A&F retaliated against Plaintiff by terminating Plaintiff's employment after she reported the seemingly increasing events of discrimination and harassment against her, as more fully set forth in the General Allegation and all paragraphs stated above, among other things.

39.   As a direct and proximate result of Defendant A&F's retaliatory actions against Plaintiff, Plaintiff suffered and continues to suffer substantial (a) humiliation, serious mental anguish and emotional and physical distress; and (b) loss of past and future wages, and

7

COMPLAINT                           **EXHIBIT 1, PAGE 13**

1  employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory

2  damages, the exact amount and nature of which exceeds the jurisdictional limits of this court but

3  is presently unknown to Plaintiff, who will either seek leave to amend this complaint upon

4  ascertaining such information, or will prove the same at the time of trial.

5    40. As more fully set forth above, Defendant A&F's retaliatory actions were willful,

6  wanton, malicious, and oppressive and committed with the intent to cause the injuries sustained

7  by Plaintiff, within the meaning of <u>California Civil Code</u> § 3294.  Plaintiff is therefore entitled to

8  punitive or exemplary damages in an amount sufficient to punish and make an example of

9  Defendant.

10  <b><u>FOURTH CAUSE OF ACTION</u></b>

11  <b>FAILURE TO PREVENT UNLAWFUL HARASSMENT AGAINST</b>

12  <b>DEFENDANT A&F</b>

13  <b><u>(California Government Code</u> § 12940(k))</b>

14    43. Plaintiff alleges and incorporates here by reference each and every allegation set

15  forth in all previous paragraphs of the Complaint.

16    44. Defendant A&F, failed to take all reasonable steps to prevent harassment of

17  Plaintiff from occurring, in violation of <u>California Government Code</u> § 12940(k), by engaging in

18  the course of conduct set forth in the General Allegations and all paragraphs stated above, among

19  other things.

20    45. Specifically, Defendant A&F failed to take any meaningful preventative action

21  against the managers, supervisors, and employees who harassed Plaintiff or enabled others to

22  discriminate against Plaintiff.  If Defendant A&F has a written policy addressing the issue of

23  race harassment, the policy is not enforced and is consistently disregarded.

24    46. As a result of Defendant A&F's failure to prevent the unlawful harassment,

25  Plaintiff suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and

26  emotional and physical distress; and (b) loss of past and future earnings, and employment

27  benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages.

28  The exact amount and nature of such damages exceed the jurisdictional limits of this court, but

8

1   are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon

2   ascertaining such information, or will prove the same at the time of trial.

3          47.    As more fully set forth above, Defendant A&F's failure to prevent the unlawful

4   harassment was intentional, malicious, wanton, oppressive, and fraudulent, with conscious

5   disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as

6   to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.

7   Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish

8   and make an example of Defendant.

9                      **FIFTH CAUSE OF ACTION**

10       **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

11          53.    Plaintiff alleges and incorporates here by reference each and every allegation set

12   forth in all previous paragraphs of the Complaint.

13          54.    Defendant A&F terminated Plaintiff's employment because of her complaints of

14   race discrimination and harassment, and Defendant's persistent refusal to prevent and remedy the

15   unlawful harassment.  Such conduct was a blatant violation of the Fair Employment and Housing

16   Act (FEHA), California Government Code § 12940 et seq.

17          55.    The aforementioned acts of Defendant A&F constitute wrongful termination in

18   violation of public policy.

19          56.    As a result of Defendant A&F's wrongful conduct, Plaintiff suffered and

20   continues to suffer substantial humiliation, serious mental anguish, and emotional and physical

21   distress, on account of which Plaintiff is entitled to compensatory damages.  The exact amount

22   and nature of such damages exceed the jurisdictional limits of this court, but are presently

23   unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such

24   information, or will prove the same at the time of trial.

25          57.    As more fully set forth above, the acts of Defendant A&F were intentional,

26   malicious, wanton, oppressive, and fraudulent, with conscious disregard for Plaintiff's rights and

27   with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by

28   Plaintiff, within the meaning of California Civil Code §3294.  Plaintiff is therefore entitled to

1  punitive or exemplary damages in an amount sufficient to punish and make an example of

2  Defendant.

### SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5   58.   Plaintiff alleges and incorporates here by reference each and every allegation set

6  forth in all previous paragraphs of the Complaint.

7   59.   Defendants engaged in race discrimination and harassment against Plaintiff and

8  aided and abetted each other in engaging in illegal discrimination and harassment, thereby

9  subjecting Plaintiff to the intentional infliction of emotional distress caused by such

10  discrimination and harassment in violation of California Government Code § 12940.

11   60.   Defendant A&F failed to take immediate and appropriate remedial action to

12  respond to Plaintiff's complaints of discrimination and harassment.  Instead, Defendant A&F

13  ignored Plaintiff's requests that the behavior be dealt with and allowed Plaintiff to be subjected

14  to retaliatory action.

15   61.   The acts of Defendants as described herein were extreme and outrageous and an

16  abuse of the authority and position of Defendants, and each of them.  Such conduct was intended

17  to cause severe emotional distress, or was done with conscious disregard for the probability of

18  causing such distress.  Such conduct exceeded the inherent risks of employment and was not the

19  sort of conduct normally expected to occur in the workplace. Defendant A&F and its employees,

20  the above-named individual Defendants, abused their positions of authority toward Plaintiff, and

21  engaged in conduct intended to humiliate Plaintiff and convey the message that she was

22  powerless to defend her rights.

23   62.   As a proximate result of the aforementioned acts, Plaintiff has suffered

24  embarrassment, anxiety, humiliation, serious mental anguish, and emotional and physical

25  distress.  Plaintiff will continue to suffer damages in a sum that exceeds the jurisdictional limits

26  of this court, but is yet to be ascertained.  Plaintiff will either seek leave to amend this Complaint

27  upon ascertaining such information, or will prove the same at the time of trial.

28

63.     As more fully set forth above, the acts of Defendants were intentional, malicious, wanton, oppressive, and fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendants.

## SEVENTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64.     Plaintiff alleges and incorporates here by reference each and every allegation set forth in all previous paragraphs of the Complaint.

65.     In carrying out the above-mentioned conduct, Defendant A&F and its agents breached a duty owed to Plaintiff to provide a workplace free from unfair treatment, discrimination and retaliation, and abused their positions of authority towards her.  Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

66.     Defendant A&F and its agents, knew or should have known, that the above conduct will cause Plaintiff serious emotional distress.  As a proximate result of Defendants' negligent conduct, Plaintiff suffered and will continue to suffer extreme humiliation, embarrassment, mental anguish, and emotional distress in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For compensatory and actual damages in amounts to be proven at the time of trial;

2.     For costs of the suit incurred herein;

3.     For punitive and exemplary damages in amounts to be proven at the time of trial;

4.     For reasonable attorneys' fees under California Government Code § 12965(b), California Labor Code § 218 and all related statutes;

5.     For pre- and post-judgment interest at the prevailing statutory rates; and

6.     For such other relief as the court may deem proper.

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands jury trial in this matter.

3

4

5    Dated: July 10, 2012                MESRIANI LAW GROUP
                                         A PROFESSIONAL LAW CORPORATION
6

7

8                                        By: _____
                                            ZACHARY CANTOR, ESQ.
9                                           Attorney for Plaintiff JILLIAN HALLMAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

COMMAND: COMPLAINT                              **EXHIBIT 1, PAGE 18**

Exhibit 1

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201112R9909-00 |
|---|---|---|
| | | DFEH USE ONLY |

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| HALLMAN, JILLIAN | (310)826-6300 |

ADDRESS

C/O 510 ARIZONA AVENUE

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| SANTA MONICA, CA 90401 | LOS ANGELES | 037 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| ABERCROMBIE & FITCH, CO. | (818)709-5678 |

| ADDRESS | DFEH USE ONLY |
|---|---|
| 9301 TAMPA AVE., NORTHRIDGE FASHION CENTER | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LOS ANGELES, CA 91324 | LOS ANGELES | 037 |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| 50+ | 07/28/2011 | 00 |

THE PARTICULARS ARE:

I allege that on about or before <u>07/28/2011</u> , the following conduct occurred:

| | | |
|---|---|---|
| X termination | ___ denial of employment | ___ denial of family or medical leave |
| ___ laid off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | ___ denial of transfer | ___ denial of equal pay |
| X harassment | ___ denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | X failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ constructive discharge (forced to quit) | X retaliation | |
| ___ impermissible non-job-related inquiry | ___ other (specify) _____ | |

by     ABERCROMBIE & FITCH, CO.

| | Name of Person | Job Title (supervisor/manager/personnel director/etc.) |
|---|---|---|

because of :

| | | |
|---|---|---|
| ___ sex | ___ national origin/ancestry | ___ disability (physical or mental) | ___ retaliation for engaging in protected |
| ___ age | ___ marital status | ___ medical condition (cancer or | activity or requesting a protected |
| ___ religion | ___ sexual orientation | generic characteristic | leave or accommodation |
| X race/color | ___ association | ___ other (specify) _____ | |

State of what you believe to be the reason(s) for discrimination

I WAS HARASSED AND DISCRIMINATED BASED ON MY RACE. I WAS RETALIATED AGAINST FOR COMPLAINING OF HARASSMENT AND DISCRIMINATION. MY EMPLOYMENT ULTIMATELY RESULTED IN WRONGFUL TERMINATION

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  06/28/2012

At  Santa Monica

DATE FILED:  06/28/2012

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

EXHIBIT 1, PAGE 20



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

EDMUND G. BROWN, JR., Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

Phyllis W. Cheng, Director

June 28, 2012

RE:   E201112R9909-00
     HALLMAN/ABERCROMBIE & FITCH, CO.

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

Tina Walker

Tina Walker
District Administrator

Enclosure:   Complaint of Discrimination
               Notice of Case Closure

DFEH-200-06 (01/08)

EXHIBIT 1, PAGE 21



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

Phyllis W. Cheng, Director

1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

June 28, 2012

HALLMAN, JILLIAN
C/O 510 ARIZONA AVENUE
SANTA MONICA, CA 90401

RE:   E201112R9909-00
      HALLMAN/ABERCROMBIE & FITCH, CO.

Dear HALLMAN, JILLIAN:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 28, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

EXHIBIT 1, PAGE 22

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File

STACIA MARIE JONES
ATTORNEY
ABERCROMBIE & FITCH
6301 FITCH PATH
NEW ALBANY, OH 43054

DFEH-200-43 (06/06)

EXHIBIT 1, PAGE 23

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # ___E201112R9909-01___

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)

**HALLMAN, JILLIAN**

TELEPHONE NUMBER (INCLUDE AREA CODE)

**(310)826-6300**

ADDRESS

**C/O 510 ARIZONA AVENUE**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **SANTA MONICA,CA,90401** | **LOS ANGELES** | **037** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME

**CHARLES, STEPHANIE**

TELEPHONE NUMBER (Include Area Code)

**(614)765-4428**

DFEH USE ONLY

ADDRESS

**C/O ABERCROMBIE & FITCH; 6301 FITCH PATH**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **NEW ALBANY, OH 43054** | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| **50+** | **07/28/2011** | **01** |

THE PARTICULARS ARE:

I allege that on about or before
__07/28/2011__ , the following
conduct occurred:

- X  termination
- ___  laid off
- ___  demotion
- X  harassment
- ___  genetic characteristics testing
- ___  constructive discharge (forced to quit)
- ___  impermissible non-job-related inquiry

- ___  denial of employment
- ___  denial of promotion
- ___  denial of transfer
- ___  denial of accommodation
- X  failure to prevent discrimination or retaliation
- X  retaliation
- ___  other (specify) ___

- ___  denial of family or medical leave
- ___  denial of pregnancy leave
- ___  denial of equal pay
- ___  denial of right to wear pants
- ___  denial of pregnancy accommodation

by __CHARLES, STEPHANIE__

Name of Person

**DISTRICT MANAGER**

Job Title (supervisor/manager/personnel director/etc.)

because of :

- ___  sex
- ___  age
- ___  religion
- X  race/color

- ___  national origin/ancestry
- ___  marital status
- ___  sexual orientation
- ___  association

- ___  disability (physical or mental)
- ___  medical condition (cancer or generic characteristic
- ___  other (specify) ___

- ___  retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you
believe to be the
reason(s) for
discrimination

I WAS HARASSED AND DISCRIMINATED BASED ON MY RACE. I WAS RETALIATED AGAINST FOR COMPLAINING OF HARASSMENT AND DISCRIMINATION. MY EMPLOYMENT ULTIMATELY RESULTED IN WRONGFUL TERMINATION

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  **06/28/2012**

At  **Santa Monica**

DATE FILED:  **06/28/2012**

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                              EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                        Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

June 28, 2012

RE:   E201112R9909-01
      HALLMAN/CHARLES, STEPHANIE, AS AN INDIVIDUAL

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of
Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your
client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant
to Government Code section 12962, DFEH will not serve these documents on the
employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a
private lawsuit in the State of California.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-06 (01/08)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

EDMUND G. BROWN, JR., Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

Phyllis W. Cheng, Director

1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

June 28, 2012

HALLMAN, JILLIAN
C/O 510 ARIZONA AVENUE
SANTA MONICA,CA,90401

RE:  E201112R9909-01
     HALLMAN/CHARLES, STEPHANIE, AS AN INDIVIDUAL

Dear  HALLMAN, JILLIAN:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 28, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

EXHIBIT 1, PAGE 26

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File

STACIA MARIE JONES
ATTORNEY
ABERCROMBIE & FITCH
6301 FITCH PATH
NEW ALBANY, OH 43054

DFEH-200-43 (06/06)

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # **E201112R9909-02**

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)

**HALLMAN, JILLIAN**

TELEPHONE NUMBER (INCLUDE AREA CODE)

**(310)826-6300**

ADDRESS

**C/O 510 ARIZONA AVENUE**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **SANTA MONICA,CA,90401** | **LOS ANGELES** | **037** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME

**WATUMULL, MEGHAN**

TELEPHONE NUMBER (Include Area Code)

**(614)765-4428**

DFEH USE ONLY

ADDRESS

**C/O ABERCROMBIE & FITCH; 6301 FITCH PATH**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **NEW ALBANY, OH 43054** | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| **50+** | **07/28/2011** | **02** |

THE PARTICULARS ARE:

I allege that on about or before **07/28/2011** , the following conduct occurred:

- X termination
- ___ laid off
- ___ demotion
- X harassment
- ___ genetic characteristics testing
- ___ constructive discharge (forced to quit)
- ___ impermissible non-job-related inquiry

- ___ denial of employment
- ___ denial of promotion
- ___ denial of transfer
- ___ denial of accommodation
- X failure to prevent discrimination or retaliation
- X retaliation
- ___ other (specify) _____

- ___ denial of family or medical leave
- ___ denial of pregnancy leave
- ___ denial of equal pay
- ___ denial of right to wear pants
- ___ denial of pregnancy accommodation

by **WATUMULL, MEGHAN**

Name of Person

**REGIONAL MANAGER**

Job Title (supervisor/manager/personnel director/etc.)

because of :

- ___ sex
- ___ age
- ___ religion
- X race/color

- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association

- ___ disability (physical or mental)
- ___ medical condition (cancer or genetic characteristic
- ___ other (specify) _____

- ___ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination

I WAS HARASSED AND DISCRIMINATED BASED ON MY RACE. I WAS RETALIATED AGAINST FOR COMPLAINING OF HARASSMENT AND DISCRIMINATION. MY EMPLOYMENT ULTIMATELY RESULTED IN WRONGFUL TERMINATION

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated **06/28/2012**

At **Santa Monica**

DATE FILED: **06/28/2012**

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

EDMUND G. BROWN, JR., Governor

Phyllis W. Cheng, Director

June 28, 2012

RE:  E201112R9909-02
     HALLMAN/WATUMULL, MEGHAN, AS AN INDIVIDUAL

### NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-06 (01/08)

EXHIBIT 1, PAGE 29



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

Phyllis W. Cheng, Director

1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

June 28, 2012

HALLMAN, JILLIAN
C/O 510 ARIZONA AVENUE
SANTA MONICA,CA,90401

RE:  E201112R9909-02
     HALLMAN/WATUMULL, MEGHAN, AS AN INDIVIDUAL

Dear HALLMAN, JILLIAN:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 28, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

EXHIBIT 1, PAGE 30

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Tina Walker
District Administrator

cc:   Case File

STACIA MARIE JONES
ATTORNEY
ABERCROMBIE & FITCH
6301 FITCH PATH
NEW ALBANY, OH 43054

DFEH-200-43 (06/06)

EXHIBIT 1, PAGE 31